# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## COURT FILE NO.: CV - _____

| | |
|---|---|
| JOSEPH LANTOSH and <br> LAURIE LANTOSH, <br>       Plaintiffs <br><br> v. <br><br> CREDIT BUREAU COLLECTION <br> SERVICES, INC. d/b/a CBCS <br>       Defendant | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1.      The United States Congress has found there is abundant evidence of

abusive, deceptive, and unfair debt collection practices by many debt

collectors, and has determined that abusive debt collection practices

contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and to invasions of individual privacy.  Congress

drafted the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

(hereinafter "FDCPA"), with the goal to eliminate abusive collection

practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3.     This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq., as well as other state law tort claims.

4.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacted business in this District.

2

## PARTIES

5.  Plaintiff, Joseph Lantosh is a natural person who resides in the City of Lansford, County of Carbon, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.  Plaintiff, Laurie Lantosh is a natural person who resides in the City of Lansford, County of Carbon, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.  Defendant, Credit Bureau Collection Services, Inc. (hereinafter referred to as "CBCS"), is a limited liability company with its primary business office located at 236 East Town Street, Columbus, Ohio 43215.

8.  At all times relevant to this Complaint, Defendant CBCS conducted business in the Middle District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9.  Plaintiffs, Joseph and Laurie Lantosh are alleged to have incurred a certain financial obligation.

10. Such alleged obligation was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a utility bill with PPL Electric Utilities.

11. Prior to April 1, 2009 Plaintiff's resided at 30 West Holland Street, Summit Hill, Pennsylvania 18250.

12. Upon leaving their Summit Hill residence, Plaintiffs contacted PPL for a final meter reading in order to satisfy any outstanding utility bills.

13. Plaintiffs subsequently received a bill from PPL stating that a balance as of April 2, 2009 existed on the account in the amount of $112.94, which was payable no later than May 28, 2009.

14. Due to circumstances beyond the control of the Plaintiffs, the Plaintiffs were unable to pay the balance before May 28, 2009.

15. Plaintiff's account was subsequently sold, transferred and/or assigned to the Defendant for collection.

16. On or around July 13, 2009, Plaintiffs paid the balance due to PPL Electric Utilities.

17. Despite having paid the account in full, Plaintiffs continued to receive calls from the Defendant demanding payment.

18. Plaintiffs contacted PPL Electric Utilities on several occasions to complain of the Defendant's continued collection efforts, and were advised that the Defendant had been contacted via telephone, email and facsimile that the debt was satisfied.

19.   In addition to contacting PPL Electric Utilities, Plaintiffs also communicated directly with the Defendant to advise that the debt was satisfied.

20.   In or around July of 2009, after having paid the balance in full, Plaintiff, Laurie Lantosh contacted the Defendant and advised that the debt had been satisfied.   An agent/employee of the Defendant then proceed to inform the Plaintiff that she need to provide a verification of payment.

21.   Mrs. Lantosh then stated to Defendant's agent/employee that PPL had advised her than an email was sent to Defendant providing notice of the satisfied account.   After acknowledging receipt of the email, Defendant's agent/employee stated that the email did not provide adequate proof of payment and that either a cancelled check or a bank statement was needed to verify payment.

22.   Plaintiff subsequently complied with Defendant's request and faxed a redacted bank statement to the Defendant that showed a $112.94 payment on July 13, 2009.

23.   Notwithstanding the notice from both the Plaintiffs and PPL Electric Utilities, the Defendant continued to barrage the Plaintiff's with daily telephone calls in an attempt to collect a debt that was not owed.

24. During one such telephone call, an agent/employee of the Defendant advised the Plaintiffs that he did not care what PPL said and stated, "We need to get paid."

25. Defendant continued to place almost daily telephone calls to the Plaintiffs up until approximately November 10, 2009.

26. During the time period in which the Defendant attempted to collect the debt, the Defendant would sometimes place five to six telephone calls to Plaintiffs a day in an effort to coerce Plaintiffs into paying a debt they did not owe.

27. Defendant's actions of repeatedly contacting the home of the Plaintiffs despite having notice that the debt was satisfied were meant to harass, embarrass, and oppress Plaintiffs into paying the alleged debt.

28. The Defendant knew or should have known that the debt it was attempting collect had been paid in full.

29. Defendant's continued attempts to collect a debt, despite receiving notice that the debt was paid violated numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1) amongst others.

30. While attempting to collect the alleged debt from Plaintiffs, Defendant utilized collection tactics that are abusive, harassing and deceptive, and that are contrary to the standards of civilized society and those of other collection agencies in its industry.

31. As a direct and proximate result of Defendant's illegal collection tactics and harassing behavior, Plaintiffs have sustained actual damages in the form of extreme stress, fear, humiliation, and embarrassment.

## TRIAL BY JURY

32. Plaintiffs are entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

33. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including but not

limited to each of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

35. As a result of Defendant's violations of the FDCPA, Plaintiffs have suffered out-of-pocket expenses and actual damages, and are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY

## ACT (FCEUA)

## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND

## CONSUMER PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

36. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendant is a "debt collector" as defined by 73 P.S. § 2270.3 of the FCUEA.

38.   Plaintiffs are "consumers" as defined by 73 P.S. § 2270.3 of the FCUEA.

39.   All of the above contacts by Defendant were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

40.   The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

(b) The use conduct the natural consequence of which is to harass, oppress or abuse any person;

(c) Causing the telephone to ring or engaging any person in telephone conversations repeatedly;

(d) Placing telephone calls without properly disclosing his/her identity;

(e) The false representation of the character, amount, or legal status of the alleged debt;

(f) The threat to take any action that cannot legally be taken;

9

(g) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

(h) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt; and

(i) Attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

41. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiffs to pay the debt.

42. As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiffs have suffered ascertainable losses entitling them to an award of statutory, actual and treble damages and attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES

## ACT

## 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendant's actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY

## ACT (FCEUA)

## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND

## CONSUMER PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

- For an order declaring that the Defendant's actions as described above are in violation of the FCEUA and the UTPCPL;

- for an order be entered enjoining the Defendant from continuing to communicate with Plaintiffs in violation of the FCEUA and the UTPCPL;

- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to73 P.S.§ 201-9.2(a).

Respectfully submitted,

Dated: March 18, 2010

**RAPA LAW OFFICE, P.C.**

By:_____

Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730
Attorney for Plaintiff

12

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Joseph Lantosh, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: _3-18-10_

_____
Joseph Lantosh

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Laurie Lantosh depose and say as follows:

8. I am a Plaintiff in this civil proceeding.
9. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
10. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
11. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
12. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
13. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.
14. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: _3-18-10_

_____
Laurie Lantosh