IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH LANTOSH and LAURIE LANTOSH, : 3:10cv648
: 
         Plaintiffs : (Judge Munley)
:
         v. :
:
CREDIT BUREAU COLLECTION :
SERVICES, INC., :
         Defendant :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this 24th day of June 2010, a review of the docket in the above-captioned matter reveals that a copy of the complaint and summons were served upon defendant on April 12, 2010. (Doc. 3). On May 5, 2010 we ordered the plaintiff to make an appropriate filing to further the action within ten days.

On May 13, 2010, this court approved the parties' stipulation to extend the defendant's time to answer the complaint until June 2, 2010. (Doc. 6). On June 7, 2010, with still no answer by the defendant, we again ordered the plaintiffs to make an appropriate filing to further the action within ten days. (Doc. 8). We warned that failure to comply would result in dismissal of the action. As of the date of this order, the defendant has not filed an answer to the complaint and the plaintiffs have not made an appropriate filing to further the action.

The court has thus twice ordered the plaintiff to take action to move the case forward or risk dismissal of the complaint. The plaintiff has ignored these orders. "The authority to dismiss for lack of prosecution, both on defendants' motion and *sua sponte*, is an inherent ' . . . control necessarily

vested in courts to manage their affairs so as to achieve the orderly and expeditious disposition of cases.'" Marshall v. Sielaff, 492 F.2d 917, 918 (3d Cir. 1967) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). In determining whether to dismiss a case, "[t]he power of the court to prevent undue delays and to achieve the orderly disposition of cases must be weighed against the policy of law which favors disposition of litigation on its merits." Id. Here, the plaintiff has ignored two orders from the court to take action on the case, and has done nothing to move the litigation forward after serving the complaint. The court thus concludes that plaintiff has abandoned the litigation and no longer desires an adjudication on the merits. Accordingly:

We hereby **DISMISS** the case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is directed to close the case.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
UNITED STATES DISTRICT COURT